# IN THE FEDERAL DISTRICT COURT OF THE EASTERN DIVISION OF TENNESSEE, NORTHERN DIVISION, AT KNOXVILLE

| | |
|---|---|
| DEBORAH AND MICHAEL FETTY, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF OAK RIDGE, TENNESSEE, *and* ANDERSON COUNTY, TENNESSEE, <br><br> Defendants. | ) ) ) ) ) ) ) ) No. _____ ) **JURY DEMANDED** ) ) ) ) ) ) |

## COMPLAINT

Come now the Plaintiffs, Mr. and Mrs. Fetty, by and through counsel and bring this complaint against the City of Oak Ridge, Tennessee, and Anderson County, Tennessee, (collectively, "Defendants") for violations of Mrs. Fetty's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and state law torts against both Mr. and Mrs. Fetty, and in support thereof would show the Court as follows:

**PARTIES**

1. Deborah Lynne Fetty ("Mrs. Fetty") is married to Michael Fetty and is an adult citizen of the United States and a resident of Anderson County, Tennessee, residing at 106 Balsam Road, Oak Ridge, Tennessee 37830.

2. Michael Fetty ("Mr. Fetty") is married to Deborah Lynne Fetty and is an adult citizen of the United States and a resident of Anderson County, Tennessee, residing at 106 Balsam Road, Oak Ridge, Tennessee 37830.

3. The City of Oak Ridge, Tennessee, is a municipal subdivision of the State of Tennessee, located in Anderson County, Tennessee, which operates and maintains the Oak Ridge Police Department, a law enforcement agency charged with enforcing the laws of the City of Oak Ridge, Anderson County, and the State of Tennessee.

4. Anderson County, Tennessee, is a municipal subdivision of the State of Tennessee, with an elected sheriff who operates and maintains the Anderson County Jail and is responsible for the lawful and humane treatment of persons incarcerated at the Anderson County Jail.

5. The City of Oak Ridge, Tennessee, and Anderson County, Tennessee, collectively referred to as the "Defendants."

**VENUE AND JURISDICTION**

6. The gravamen of this suit is based in violations of Mrs. Fetty's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution constituting a federal question and are therefore within the jurisdiction of this Court pursuant to 28 U.S.C.A. § 1331.

7. The State law claims in this suit arise from the same events that resulted in the violations of Mrs. Fetty's constitutional rights and this Court has jurisdiction over those claims pursuant to 28 U.S.C.A. § 1367.

8. All events giving rise to this Complaint occurred in Anderson County, Tennessee, which lies in the Northern Division of the Eastern District of Tennessee, and therefore, venue properly lies with this Court.

**FACTUAL BACKGROUND**

9. Mrs. Fetty is a 58-year-old female.

10. Mrs. Fetty is a military veteran of the United States Armed Services.

11. Mrs. Fetty suffers from Post-Traumatic Stress Disorder ("PTSD").

12. Mrs. Fetty has long been under medical care for PTSD and has long had a prescription for Lorazepam to treat this disorder.

13. Mrs. Fetty suffers from depression and anxiety.

14. Mrs. Fetty suffers from major depressive disorder ("MDD").

15. Mrs. Fetty has long been under medical care for her depression and anxiety and has long had a prescription for Lorazepam to treat this disorder.

16. Lorazepam is a benzodiazepine, a class of drug which is known to have serious, painful, and dangerous withdrawal symptoms when long-time use is stopped abruptly.

17. Mrs. Fetty has had three (3) back surgeries and suffers from two bulged discs in her neck.

18. Mrs. Fetty has long been under medical care for her back and neck pain and has long had a prescription for Gabapentin to treat this condition.

19. Gabapentin is known to have serious painful and dangerous withdrawal symptoms when long-term use is stopped abruptly.

3

20. Mrs. Fetty has long been prescribed medications for a heart condition and for high blood pressure.

21. Mrs. Fetty's heart and blood pressure medications cannot be withheld without risk to her health.

22. Mrs. Fetty has been on hormone replacement medication since age 40. The name of this medication is estratest, which contains testosterone.

23. Mrs. Fetty's hormone replacement medication cannot be withheld without risk to her health.

24. On the afternoon of January 24, 2021, Mrs. Fetty suffered a mental health episode related to her psychological conditions.

25. During that episode, Mrs. Fetty threatened suicide in the presence of Mr. Fetty.

26. Mr. Fetty placed a call to E911 and requested assistance for Mrs. Fetty.

27. Mr. Fetty asked for the assistance of mobile crisis and emergency medical services.

28. The only emergency personnel who responded to Mr. Fetty's call were five (5) patrol units from the Oak Ridge Police Department.

29. Mr. Fetty repeatedly told the officers that Mrs. Fetty needed mental health assistance.

30. Instead, officers chose to arrest Mrs. Fetty and charge her with aggravated domestic assault.

31. Officers told Mr. Fetty that his wife intended to intimidate or injure him with the revolver.

32. Mr. Fetty continued to assert that his wife needed mental health assistance because she was suicidal.

33. Officers could have taken Ms. Fetty to a hospital or mental health facility for treatment, but instead decided to arrest her and cause her to be incarcerated at the Anderson County Jail.

34. Officers assured Mr. Fetty that Mrs. Fetty would receive a mental health evaluation as soon as she arrived at the Anderson County Jail.

35. Mr. Fetty collected all of Mrs. Fetty's prescribed medications and brought them to the jail.

36. Mr. Fetty was made to wait one and a half hours before anyone from the Anderson County Jail would accept Mrs. Fetty's medications.

37. Mrs. Fetty did not receive a mental health evaluation when she arrived at the Anderson County Jail.

38. Mrs. Fetty's elbow was injured and bleeding while she was in the holding cell at the Anderson County Jail.

39. Mrs. Fetty asked for assistance with her wound.

40. In response to her request for assistance with her wound, Mrs. Fetty was told, "sit down and shut the f*** up."

41. Mrs. Fetty was finally given some toilet tissue to hold on her bleeding elbow, but no other evaluation or treatment.

42. Mrs. Fetty was later moved from the holding cell to a regular cell at the Anderson County Jail.

43. Mrs. Fetty tapped on the glass in the door of the cell to get the guard's attention.

44. The guard charged toward the cell door and shouted, "Bitch, don't you ever tap on that window."

45. Without her medication, the symptoms of Mrs. Fetty's PTSD, MDD, and depression and anxiety were more severe.

46. After being screamed at twice by Anderson County Jail guards, Mrs. Fetty felt helpless, hopeless, and alone, which further intensified the agony of withdrawal and serious mental health conditions.

47. Mrs. Fetty did not see a nurse until the third day of her incarceration.

48. It was not until the third day of her incarceration that Mrs. Fetty was given her heart and blood pressure medication.

49. Mrs. Fetty was never given her prescribed Lorazepam, Gabapentin or estratest.

50. Because Mrs. Fetty was forced to abruptly stop taking these prescribed medications, she suffered severe withdrawal symptoms.

51. Because Mrs. Fetty was denied her medications, she also suffered from the effects of her PTSD, anxiety and depression, and MDD.

52. Because of her withdrawal symptoms and the symptoms of her untreated PTSD, anxiety and depression, and MDD, Mrs. Fetty was unable to sleep during the four (4) days and nights she was incarcerated at the Anderson County Jail.

53. Mrs. Fetty's pain from her previous back injuries and the bulged discs in her neck was aggravated because Mrs. Fetty's prescribed Gabapentin was withheld.

54. Mrs. Fetty was never evaluated by a doctor while she was incarcerated at the Anderson County Jail.

55. Mrs. Fetty was never evaluated for suicidal ideation while at the Anderson County Jail.

56. Mrs. Fetty was only allowed out of her cell between the hours of 1:00 a.m. and 2:00 a.m.

57. Mrs. Fetty was not allowed out of her cell during business hours.

58. Mrs. Fetty was effectively denied access to her attorney because she could only call between the hours of 1:00 a.m. and 2:00 a.m.

59. Mrs. Fetty was able to make bond after approximately five (5) days in the Anderson County Jail.

60. After bonding out of jail, Mrs. Fetty checked herself into the Veterans Affairs (VA) medical center at Johnson City for mental health treatment.

61. Mrs. Fetty spent ninety (90) days at the VA medical center.

62. Upon her arrival at the VA medical center, Mrs. Fetty's doctors were concerned that she had been abruptly deprived of her medications for several days.

63. On information and belief, Mrs. Fetty's doctors were concerned that Mrs. Fetty faced a substantial risk of serious and irreparable harm from being deprived of her medications.

64. Mrs. Fetty was forced to endure the painful and traumatic experience of withdrawal symptoms.

65. Withdrawal symptoms from the drugs prescribed to Mrs. Fetty are often fatal.

66. Mrs. Fetty was not able to sleep during the time she was at Anderson County Jail.

67. Mrs. Fetty suffered hot flashes and her clothing was often wet with sweat.

68. Mrs. Fetty did not have blankets in her cell.

69. Mrs. Fetty suffered freezing cold when her clothes were wet.

70. Mrs. Fetty repeatedly told the nurse that she needed her medication.

71. Anderson County Jail was in possession of Mrs. Fetty's prescribed medication.

72. Any trained medical professional would know the serious risk of substantial harm from withholding Mrs. Fetty's medication.

73. Mrs. Fetty repeatedly told the nurse that she needed to see the doctor.

74. Mr. Fetty has been forced to receive mental health treatment for PTSD, anxiety, and depression based on the action of the responding officers and being in close proximity to Mrs. Fetty as she was arrested and incarcerated.

75. Mrs. Fetty was never seen by a doctor during the time she was at Anderson County Jail.

76. Anderson County Jail has an official policy of denying detainees access to controlled medication.

77. Because of the acts and omissions of Anderson County Jail, Mrs. Fetty was injured.

78. Because of the acts and omissions of the Oak Ridge Police Department Mr. and Mrs. Fetty were both injured.

**CAUSES OF ACTION**

**I. False arrest and imprisonment in violation of the Fourth Amendment as to the City of Oak Ridge**

79. Mrs. Fetty hereby incorporates each and every paragraph of this Complaint as if fully set forth herein.

80. Mr. Fetty called E911 requesting mental health assistance for Mrs. Fetty because she was suicidal.

81. Mr. Fetty requested mobile crisis assistance for Mrs. Fetty because she was suicidal.

82. Mr. Fetty requested emergency medical services for Mrs. Fetty because she was suicidal.

83. No mobile crisis units responded to Mr. Fetty's call.

84. No emergency medical services responded to Mr. Fetty's call.

85. Five (5) patrol units of the Oak Ridge Police Department responded to Mr. Fetty's call.

86. Officers of the Oak Ridge Police Department ("Officers") arrested Mrs. Fetty.

87. Officers should have taken Ms. Fetty to a hospital or mental health facility for evaluation and treatment.

88. Officers chose to arrest Ms. Fetty and cause her to be incarcerated in the Anderson County Jail without assessing her medical or mental health needs.

89. Officers charged Mrs. Fetty with aggravated domestic assault.

90. Mr. Fetty did not allege that Mrs. Fetty had assaulted him.

91. Mr. Fetty sought mental health assistance for his suicidal wife.

92. Mr. Fetty told the arresting officers that Mrs. Fetty had attempted suicide.

93. Officers told Mr. Fetty that Mrs. Fetty was attempting to intimidate him.

94. Officers told Mr. Fetty that Mrs. Fetty was attempting to cause him harm with a deadly weapon.

95. Officers had no articulable probable cause to believe Mrs. Fetty was attempting to intimidate Mr. Fetty.

96. Officers had no articulable probable cause to believe Mrs. Fetty was attempting to harm Mr. Fetty with a deadly weapon.

97. Officers arrested Mrs. Fetty for aggravated domestic assault.

98. Officers transported Mrs. Fetty to the Anderson County Jail.

99. Officers caused Mrs. Fetty to be detained at the Anderson County Jail.

100. Because of the Officers' acts or omissions, Mrs. Fetty suffered harm and was injured.

101. Because of the Officers' acts or omissions, Mrs. Fetty's Fourth Amendment rights were violated.

## II. Deliberate indifference to Mrs. Fetty's serious medical need in violation of the Fourteenth Amendment as to Anderson County

102. Mrs. Fetty incorporates each and every paragraph of this Complaint as fully as if set forth herein.

103. Mrs. Fetty had not been convicted of any crime when she was booked into the Anderson County Jail.

104. Mrs. Fetty has long been prescribed the habit-forming, controlled medications Lorazepam, a benzodiazepine, and Gabapentin.

105. Both of these medications are known to cause serious and possibly life-threatening withdrawal symptoms when abruptly withdrawn.

106. Mrs. Fetty is also prescribed blood pressure and heart medication.

107. Mr. Fetty delivered all of Mrs. Fetty's prescribed medications to Anderson County Jail on the day of her arrest.

108. Mrs. Fetty's medications were delivered to Anderson County Jail in their original prescription bottles with the original pharmacy labels showing Mrs. Fetty's name and the name of the prescribing doctor.

109. Mrs. Fetty was not seen by a nurse until the third day of her incarceration at Anderson County Jail.

110. Mrs. Fetty was denied her blood pressure and heart medications for three (3) days.

111. The nurse administered Mrs. Fetty's blood pressure and heart medications on the third day of Mrs. Fetty's incarceration and thereafter.

112. Mrs. Fetty asked the nurse for her Lorazepam and Gabapentin.

113. The nurse told Mrs. Fetty that it is the Anderson County Jail policy to never provide controlled medications to inmates regardless of whether they have a prescription.

114. Mrs. Fetty told the nurse that the Lorazepam was prescribed to control the symptoms of PTSD, Major Depressive Disorder ("MDD"), and anxiety and depression.

115. Mrs. Fetty told the nurse that the Gabapentin was prescribed to control nerve pain associated with three (3) previous back surgeries and two (2) bulged discs in her neck.

116. Mrs. Fetty told the nurse that she was suffering from withdrawal symptoms.

117. Mrs. Fetty told the nurse that the withdrawal symptoms were agonizingly painful.

118. Mrs. Fetty told the nurse that her mental health issues were much worse without the drugs.

119. Mrs. Fetty told the nurse that the her back pain was insufferable.

120. Mrs. Fetty told the nurse that she was not able to sleep since her incarceration.

121. Mrs. Fetty told the nurse that she was suffering from suicidal ideation.

122. Mrs. Fetty repeatedly asked the nurse for a mental health evaluation and mental health treatment.

123. During the five (5) days Mrs. Fetty was incarcerated at Anderson County Jail, she was never seen by a doctor.

124. Lorazepam and Gabapentin withdrawal symptoms are an objectively serious medical need.

125. Lorazepam and Gabapentin withdrawal symptoms are known to cause death.

126. Mrs. Fetty's heart condition makes her especially susceptible to serious injury from withdrawal symptoms.

127. On information and belief, the nurse who saw Mrs. Fetty was a trained, licensed nurse.

128. On information and belief, an adequately trained, licensed nurse knows the dangers of withdrawal from Lorazepam and Gabapentin.

129. On information and belief, the nurse intentionally denied Mrs. Fetty access to her medication according to the official policy of the Anderson County Jail.

130. On information and belief, the nurse either intentionally or recklessly did not talk to the doctor about Mrs. Fetty's condition.

131. The nurse did not act reasonably to mitigate the risk posed by Mrs. Fetty's serious medical need.

132. The denial of Mrs. Fetty's medication was due to the policy of Anderson County Jail.

133. It is the official policy of Anderson County Jail to deny controlled drugs to those incarcerated there.

134. Because of the Anderson County Jail policy, Mrs. Fetty suffered the objectively serious medical condition of life-threatening and agonizing withdrawal symptoms.

135. Because of the intentional or reckless acts and omissions of the nurse and the policies and customs of Anderson County Jail, Mrs. Fetty was injured and suffered damages.

**III.     Intentional infliction of emotional distress on Mrs. Fetty**

**A. As to the City of Oak Ridge**

136. Mrs. Fetty hereby incorporates each and every paragraph of this Complaint as if fully set forth herein.

137. Mr. Fetty had requested mental health assistance for Mrs. Fetty.

138. Mrs. Fetty had just attempted to commit suicide.

139. The City of Oak Ridge did not send any mobile crisis units or emergency medical services, as requested by Mr. Fetty.

140. The actions of the Officers in falsely arresting Mrs. Fetty were intentional or reckless.

141. False arrest is outrageous conduct that is not tolerated by civilized society.

142. Mrs. Fetty has long suffered from diagnosed PTSD, MDD, and anxiety and depression.

143. The intentional or reckless actions of the Officers severely aggravated Mrs. Fetty's preexisting mental health disorders.

144. As a result of the intentional or reckless actions of the Officers, Mrs. Fetty received ninety (90) days of mental health treatment at the VA medical center in Johnson City, Tennessee.

145. Because of the intentional or reckless actions of the Officers, Mrs. Fetty was injured and suffered damages.

**B. As to Anderson County**

146. Mrs. Fetty hereby incorporates each and every paragraph of this Complaint as if fully set forth herein.

147. The actions of the nurse and Anderson County Jail in denying Mrs. Fetty's medication were intentional or reckless.

148. Forcing pretrial detainees to suffer the agonizing and life-threatening effects of withdrawal is so outrageous that it is not tolerated by civilized society.

149. Forcing Mrs. Fetty to witness a guard chase another inmate over the second story railing is so outrageous that it is not tolerated by civilized society.

150. Forcing Mrs. Fetty to listen to the agonized wails of the inmate for approximately thirty (30) minutes while the inmate received no assistance is so outrageous that it is not tolerated by civilized society.

151. Mrs. Fetty has long suffered from PTSD, MDD, and anxiety and depression.

152. The intentional or reckless actions of Anderson Count Jail severely aggravated Mrs. Fetty's preexisting mental health disorders.

153. As a result of the intentional or reckless actions of the Officers, Mrs. Fetty received ninety (90) days of mental health treatment at the VA medical center in Johnson City, Tennessee.

154. Because of the intentional or reckless actions of Anderson County Jail, Mrs. Fetty was injured and suffered damages.

**IV.     Intentional infliction of emotional distress on Mr. Fetty by the Officers**

155. Mr. Fetty incorporates each and every paragraph of this Complaint as if fully set forth herein.

156. The actions of the Officers in falsely telling Mr. Fetty that his wife had intended to intimidate or cause him harm with a deadly weapon were intentional or reckless.

157. The actions of the Officers in making this misrepresentation to Mr. Fetty were so outrageous that they are not tolerated by civilized society.

158. The actions of the Officers in making this misrepresentation to Mr. Fetty have caused Mr. Fetty to be diagnosed with PTSD and anxiety and depression.

159. Mr. Fetty was not previously diagnosed with these mental disorders.

160. Mr. Fetty has been forced to seek treatment for these disorders.

161. As a result of the outrageous and intentional or reckless actions of the Officers, Mr. Fetty was injured and suffered damages.

## V. Declaratory and Injunctive Relief

162. Ms. Fetty incorporates each and every paragraph of this Complaint as if fully set forth herein.

163. The Anderson County Jail has a policy of denying all detainees access to any properly prescribed medication until the detainee has been assessed by the Jail's doctor.

164. The Anderson County Jail has a blanket policy of denying all detainees access to any properly prescribed medication that is deemed to be "controlled," even after evaluation by the Jail's doctor.

165. The Anderson County Jail doctor does not immediately assess all detainees upon being booked into the Jail.

166. Ms. Fetty was not even seen by a nurse until the third day of her incarceration.

167. Ms. Fetty was never evaluated by a doctor while incarcerated at the Anderson County Jail.

168. Ms. Fetty did not receive her properly prescribed heart and blood pressure medication until the third day of her incarceration at the Anderson County Jail.

169. Ms. Fetty never received her properly prescribed Lorazepam or Gabapentin during her five-day incarceration at the Anderson County Jail because those medications are deemed "controlled."

170. Because Ms. Fetty did not receive her properly prescribed medication, she was subjected to severe withdrawal symptoms.

171. It is common practice for Tennessee jails to deny detainees access to properly prescribed medications deemed to be "controlled."

172. In light of the recent Sixth Circuit decision in *Brawner v. Scott County, Tennessee*, No. 19-5623 2021 WL 4304754 (6th Cir. Sept. 22, 2021), a strict policy of a city or county jail denying access to medication in a way that constitutes a recurrent pattern of constitutional violations should be enjoined from continuing.

173. Ms. Fetty asks this Court to declare that such policies at the Anderson County Jail are unconstitutional.

174. Ms. Fetty asks this Court to grant injunctive relief requiring the Anderson County Jail to amend its policies to conform with the Constitution of the United States.

175. Ms. Fetty asks this Court to declare that all similar policies at any Tennessee jail are unconstitutional.

176. Ms. Fetty asks this Court to grant injunctive relief and require that all Tennessee jails amend their policies to conform with the Constitution of the United States.

177. Ms. Fetty asserts that without such a declaration from this Court that policies of Tennessee jails which deny all detainees access to any "controlled" medication are unconstitutional, detainees in Tennessee jails will continue to suffer violations of their constitutional rights and severe damage to their health and wellbeing.

**DAMAGES**

178. As a result of the aforementioned intentional or reckless acts and omissions on the part of the nurse and Officers in violation of Mrs. Fetty's rights under

the United States Constitution and for tortious conduct against both Mr. and Mrs. Fetty, and by imputation and *respondeat superior*, Defendants City of Oak Ridge, Tennessee, and Anderson County, Tennessee, the same being a direct and proximate cause of Mr. and Mrs. Fetty's injuries, Mr. and Mrs. Fetty seek recovery from the Defendants, including, but not limited to, the following:

a. Physical pain and suffering;

b. Emotional pain and suffering;

c. Medical expenses;

d. Loss of enjoyment of life;

e. Loss of wages and earning capacity;

f. Attorney fees pursuant to 42 U.S.C. § 1988;

g. Punitive damages;

h. A declaratory judgment that the policies, practices, or customs of Anderson County, Tennessee, complained of herein are illegal and unconstitutional;

i. Injunctive relief requiring the Anderson County Jail and all other Tennessee jails to amend policies regarding medical care and access to "controlled" medications to conform to the Constitution of the United States; and

j. All such further relief, general and specific, to which Mr. and Mrs. Fetty may be entitled under the facts and circumstances herein.

**PRAYERS FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Mr. and Mrs. Fetty sue the Defendants, jointly and severally, and pray for a judgment against the Defendants for compensatory damages in the amount of $500,000.00, punitive damages in the amount of $1,000,000.00, reasonable attorney fees, declaratory relief holding that the policies, practices and customs of Defendants are unconstitutional, statutory and discretionary costs, pre- and post-judgment interest and for all other such relief, both general and specific, to which Mr. and Mrs. Fetty may be entitled.

Respectfully submitted this 28th day of January, 2022..

    /s/ Nathaniel H. Evans
NATHANIEL H. EVANS (BPR# 026292)
EVANS LAW FIRM
625 Market St. Suite 404
Knoxville, TN 37902
(865) 523-2755
nate@evanslawfirm.law